UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SARAH E. RUIZ,

        Plaintiff,

v.

NANCY A BERRYHILL, Acting
Commissioner of Social Security,

        Defendant.

CASE NO. 2:16-CV-01817-DWC

ORDER VACATING DEFENDANT'S
DECISION TO DENY BENEFITS

Plaintiff Sarah E. Ruiz filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of her application for supplemental security income ("SSI"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 6.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred when she failed to properly consider the medical opinion evidence of treating physician Dr. Andrew Ayars, M.D. Had the ALJ properly evaluated the medical opinion evidence, the residual functional capacity ("RFC") may have included additional limitations. Therefore, the ALJ's error

is harmful and the Court orders the Commissioner's final decision be vacated in its entirety and this matter remanded pursuant to sentence four of 42 U.S.C. § 405(g) for a *de novo* hearing consistent with this Order.

## FACTUAL AND PROCEDURAL HISTORY

On November 8, 2013, Plaintiff filed an application for SSI, alleging disability as of September 1, 2004. *See* Dkt. 9, Administrative Record ("AR") 17. The application was denied upon initial administrative review and on reconsideration. AR 17. Plaintiff filed a written request for a hearing on June 19, 2014. *Id.*

ALJ Mary Gallagher Dilley heard the matter on February 10, 2015. *See* AR 29–60. In a decision dated May 26, 2015, the ALJ determined Plaintiff to be not disabled. *See* AR 17–24. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, making the ALJ's decision the final decision of the Commissioner. *See* AR 1–4; 20 C.F.R. §§ 404.981, 416.1481.

In Plaintiff's Opening Brief, she maintains the ALJ erred by: (I) failing to properly consider the medical opinion evidence of treating physician Dr. Ayars; and (II) concluding Plaintiff is capable of meeting the attendance tolerances of employers. *See* Dkt. 11 at 2.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

//

//

# DISCUSSION

**I.   Whether the ALJ properly weighed the medical opinion evidence.**

Plaintiff contends the ALJ erred in her evaluation of the medical opinion evidence of treating physician Dr. Ayars. Dkt. 11 at 5–9. Defendant asserts the ALJ gave the opinion the appropriate weight based on the record as a whole. Dkt. 12 at 8.

On February 9, 2015, Dr. Ayars wrote a letter detailing his medical opinion of Plaintiff's health limitations. AR 530. Therein, he stated he has treated Plaintiff since August 2013, and opined, "[f]rom an infectious standpoint, she is at a much higher risk for severe, systemic infections than the general population" because of her common variable immunodeficiency. AR 530. He also opined that while Plaintiff's recurrent infections have improved due to her immunoglobulin replacement therapy, she requires antibiotics periodically throughout the year and recently missed her final examinations at Central Washington University ("CW") due to a hospitalization. AR 530. Dr. Ayars further stated Plaintiff requires "chronic prednisone" which can have long-term detrimental health effects. AR 530.

Finally, Dr. Ayars stated, "while the goal for patients" like Plaintiff is "to lead normal lives, this is often difficult given the infectious and rheumatologic issues that these patients experience." AR 530. With Plaintiff in particular, Dr. Ayars opined that Plaintiff's severe previous infectious issues and her granulomatous lymphocytic interstitial lung disease would "interfere with her ability to maintained [sic] regular attendance both in school and in the workplace." AR 530. He then concluded, "[w]hile it is impossible to completely predict the future I do see her having periodic illnesses that will make it difficult for her to be in the workplace on a regular basis." AR 530.

In her decision, the ALJ gave this opinion little weight, stating:

      (1) Dr. Ayars' opinion is inconsistent with the claimant's treatment history and her ability to stay in school. Significantly, (2) Dr. Ayers [sic] noted that it was not possible to predict the future and it has been noted that the goal of treatment is to allow the claimant to live a normal life. Specifically, (3) Dr. Ayars['] opinion that the claimant could not maintain attendance is not supported by her having maintained enrollment as a full-time student. She is currently enrolled for 12 credits and has maintained a full-time load throughout (Hearing Testimony). (4) Although the claimant has absences, she is maintaining a full school schedule including social activities and dating.

AR 22–23 (numbering added).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (*citing Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830–31 (*citing Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995)); *see also Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) ("Substantial evidence means more than a mere scintilla but less than a preponderance. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.") (internal quotations omitted). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (*citing Magallanes*, 881 F.2d at 751).

Here, the ALJ rejected Dr. Ayars' opinion for four reasons—none of which is legally sufficient. The ALJ's first reason to give Dr. Ayars' opinion little weight, that it is inconsistent with Plaintiff's treatment history and her ability to stay in school, is not a specific and legitimate reason to discount the opinion. AR 22. Discrepancies between a doctor's functional assessment

and his clinical notes, recorded observations, and other comments regarding a claimant's capabilities "is a clear and convincing reason for not relying" on the assessment. *Bayliss*, 427 F.3d at 1216; *see also Weetman v. Sullivan*, 877 F.2d 20, 23 (9th Cir. 1989). However, an ALJ's written decision must state reasons for disregarding significant, probative evidence. *See Flores v. Shalala*, 49 F.3d 562, 571 (9th Cir. 1995).

The ALJ provided a conclusory statement unsupported by the record to find Dr. Ayars' opinion inconsistent with Plaintiff's treatment history and school attendance. AR 22. The ALJ failed to identify what "treatment history" or school attendance evidence she was referring to and failed to discuss how such evidence conflicted with Dr. Ayars' opinion or rendered it less reliable. AR 22. The ALJ's vague, conclusory reference to Dr. Ayars' inconsistencies with Plaintiff's treatment history and school attendance does not reach the level of specificity necessary to justify rejecting the opinion and is insufficient for this Court to determine if the ALJ properly considered the evidence. Without more, the ALJ has failed to meet the level of specificity required to reject a physician's opinion. *See McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989) (an ALJ's rejection of a physician's opinion on the grounds that it was contrary to clinical findings in the record was "broad and vague, failing to specify why the ALJ felt the treating physician's opinion was flawed"). Therefore, this is not a specific and legitimate reason for discounting Dr. Ayars' opinion.

The ALJ's second reason to discount Dr. Ayars' opinion, Dr. Ayars statements that "it was not possible to predict the future" and "the goal of treatment is to allow the claimant to live a normal life," is not a specific and legitimate reason to discount the opinion. AR 22. The evidence, once placed in the proper context in the record, does not support the ALJ's finding of purported inconsistency with Dr. Ayars' opinion. Dr. Ayars opined that the goal for patients like

1 | Plaintiff is "to lead normal lives." AR 530. However, the ALJ completely failed to discuss the
2 | remaining clause of this statement: "this [goal] is often difficult given the infectious and
3 | rheumatologic issues that these patients experience." AR 530. Dr. Ayars also stated it was
4 | "impossible to completely predict [Plaintiff's] future." AR 530. But the ALJ failed to discuss the
5 | remaining clause of this sentence, wherein Dr. Ayars states, "I do see [Plaintiff] having periodic
6 | illnesses that will make it difficult for her to be in the workplace on a regular basis." AR 530. In
7 | failing to discuss the evidence in the proper context, the ALJ committed error. *See Nguyen v.*
8 | *Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996) ("where the purported existence of an inconsistency
9 | is squarely contradicted by the record, it may not serve as the basis for the rejection of an
10 | examining physician's conclusion"). Therefore, substantial evidence in the record does not
11 | support this reason to discount Dr. Ayars' opinion.

12 | The ALJ's third reason to discount Dr. Ayars' opinion, that while Dr. Ayars opined
13 | Plaintiff could not maintain attendance, Plaintiff "is currently enrolled for 12 credits" and has
14 | maintained enrollment as a full-time student "throughout," is also not specific and legitimate. AR
15 | 22–23. A plaintiff's "daily activities," such as school attendance, combined with other
16 | considerations, such as inconsistent medical testimony, can be sufficient grounds on which to
17 | discount medical opinions. *See Fisher v. Astrue*, 429 F. App'x 649, 652 (9th Cir. 2011); *Walter*
18 | *v. Colvin*, 2013 WL 3294887, at *4 (W.D. Wash. June 28, 2013). But where, as here, the record
19 | contains conflicting medical evidence, the ALJ may only discount a treating physician's opinion
20 | after making findings setting forth specific legitimate reasons based on substantial evidence in
21 | the record. *Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003) (*citing*
22 | *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002)).

The ALJ failed to set forth a specific, legitimate reason to discount Dr. Ayars' opinion based on substantial evidence in the record. The ALJ stated Plaintiff was currently enrolled in twelve credits, but this is unsupported by the record. AR 22. At the time of the hearing, Plaintiff attended CW. *See* AR 37. Plaintiff testified she took twelve credits per quarter because "[t]he requirement is 12." AR 38. She then corrected her testimony, stating: "[i]n this quarter, however, I am actually only enrolled in about 10." AR 38. The ALJ did not discuss this clarification by Plaintiff. AR 22. Nor did the ALJ cite, or does the Court find, any other evidence in the record to support her conclusion that Plaintiff was enrolled in twelve credits. AR 22–23. Thus, the ALJ's citation of the above testimony to establish Plaintiff was enrolled at CW with twelve credits at the time of the hearing is squarely contradicted by the record and may not serve as a basis to reject Dr. Ayars' opinion. AR 22–23; *See Nguyen*, 100 F.3d at 1465.

Additionally, the ALJ did not discuss evidence in the record that is inconsistent with her conclusion. The record contains evidence that shows Plaintiff has maintained a full-time course load at CW. *See, e.g.*, AR 65, 117. However, Dr. Ayars stated in his opinion that Plaintiff missed her final examinations at CW because of illness. AR 530. Plaintiff testified that she schedules her classes at CW such that she is able to return home for a daily nap of one or two hours before returning to class, studying, or doing household chores. AR 41–42. She also testified that she has "fallen behind" in her degree program because she is "missing school and not doing well in classes," has dropped classes, and failed "two or three" classes due to illness and absences. AR 38, 40–41. Plaintiff also stated in a disability report she had begun to fail classes at CW due to absences from illness and requested to medically withdraw from these classes. AR 213. The ALJ failed to discuss any of this evidence when she concluded Plaintiff has maintained a full-time course load at CW "throughout." AR 22–23. Accordingly, the Court finds the ALJ's conclusion

ORDER VACATING DEFENDANT'S DECISION
TO DENY BENEFITS - 7

1 | is unsupported by substantial evidence in the record. *See Embrey*, 849 F.2d at 421–22 ("it is
2 | incumbent on the ALJ to provide detailed, reasoned, and legitimate rationales for disregarding
3 | the physicians' findings[;]" conclusory reasons do "not achieve the level of specificity" required
4 | to justify an ALJ's rejection of an opinion). Therefore, this reason for discounting Dr. Ayars'
5 | opinion is not specific and legitimate.

6 | The ALJ's final reason for discounting Dr. Ayars' opinion is that although Plaintiff "has
7 | absences," she is "maintaining a full school schedule including social activities and dating." AR
8 | 23. The ALJ failed to identify what "social activities and dating" evidence she was referring to.
9 | AR 23. The ALJ also failed to explain how such evidence was inconsistent with Plaintiff's
10 | absences at school, or inconsistent with Dr. Ayars' opinion. AR 23. Finally, the ALJ failed to
11 | discuss evidence that illustrates Plaintiff sometimes struggles with social activities and dating
12 | due to her health. For example, when describing her social activities in a function report, Plaintiff
13 | stated that she sees people daily, but her friends "know [she] can't do much so they come visit
14 | [her]" at her place. AR 180. She further stated in the function report her social activities had
15 | changed in that she "used to see more friends, [but now she] can't stay up/stay awake to do the
16 | things [her] friends do." AR 181. The record also shows Plaintiff planned to study abroad in
17 | Spain, but she postponed her travel plans at least once. AR 502.

18 | The ALJ's vague, conclusory reference to Plaintiff's social activities and dating does not
19 | reach the level of specificity necessary to justify rejecting the opinion and is insufficient for this
20 | Court to determine if the ALJ properly considered the evidence. Without more, the ALJ has
21 | failed to meet the level of specificity required to reject a physician's opinion. *See Blakes ex rel.*
22 | *Wolfe v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003) ("We require the ALJ to build an

ORDER VACATING DEFENDANT'S DECISION
TO DENY BENEFITS - 8

accurate and logical bridge from the evidence to [his] conclusions[.]"). Therefore, this is not a specific and legitimate reason for discounting Dr. Ayars' opinion.

"[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (*quoting Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

Had the ALJ included all of Dr. Ayars' limitations in the RFC, Plaintiff may have been found disabled. For example, the vocational expert testified a person absent two or more times per month, with or without notice, could not maintain competitive work. AR 58–59. Therefore, if all or some of the limitations opined by Dr. Ayars were included in the RFC and in the hypothetical questions posed to the vocational expert, Michael Swanson, the ultimate disability determination may have changed. Accordingly, ALJ's error is not harmless and requires reversal.

II. **Whether the ALJ erred in concluding Plaintiff is capable of meeting attendance tolerances of employers.**

Plaintiff asserts the ALJ erred when she concluded the evidence in the record shows Plaintiff is capable of meeting employers' attendance requirements. Dkt. 11 at 3–5; Dkt. 13. As discussed above, the Court concludes the ALJ committed harmful error when she failed to properly consider the opinion of Dr. Ayars. *See* Section I, *supra*. The ALJ must therefore reassess the RFC on remand. *See* Social Security Ruling 96-8p ("The RFC assessment must always consider and address medical source opinions."); *Valentine v. Comm'r of Soc. Sec.*

*Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) ("an RFC that fails to take into account a claimant's limitations is defective"). As the ALJ must reassess Plaintiff's RFC on remand, she must also re-evaluate the findings at Step Five to determine if there are jobs Plaintiff can perform in light of the RFC and existing in significant numbers in the national economy. *See Watson v. Astrue*, 2010 WL 4269545, *5 (C.D. Cal. Oct. 22, 2010) (finding the ALJ's RFC determination and hypothetical questions posed to the vocational expert defective when the ALJ did not properly consider a doctor's findings).

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds that the ALJ improperly concluded that Plaintiff was not disabled. Accordingly, the Court orders the Commissioner's final decision to deny benefits be vacated in its entirety and this matter remanded pursuant to sentence four of 42 U.S.C. § 405(g) for a *de novo* hearing in accordance with the findings contained herein.

Dated this 9th day of August, 2017.

David W. Christel
United States Magistrate Judge